MARTÍNEZ, DEMANDANTE Y APELADO, *v.* OPPENHEIMER, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre reclamación de bienes muebles, etc.

No. 2709.—Resuelto en mayo 28, 1923.

DEMANDA—ALEGACIONES—CONCLUSIONES LEGALES.—Cuando las conclusiones legales complementan alegaciones de hecho, son permisibles.

RECLAMACIÓN Y ENTREGA DE BIENES MUEBLES—DAÑOS Y PERJUICIOS—ACCIONES ACUMULABLES.—A la acción sobre reclamación y entrega de bienes muebles, puede acumularse la de daños y perjuicios por la retención ilegal de los mismos.

ID. — ALEGACIONES — SITIO DE LOS BIENES RETENIDOS POR EL DEMANDADO. — La omisión de alegar en una demanda sobre reclamación y entrega de bienes muebles archivada en una corte de distrito el sitio en que éstos se encuentran, no vicia de nulidad la demanda, tanto más cuando la contestación subsana el defecto.

ID.—SENTENCIA—ERROR EN LA SENTENCIA QUE ES SUBSANABLE EN APELACIÓN.—Siendo las pretensiones de la contrademanda enteramente opuestas a las de la demanda, puede concluirse que al declarar la corte con lugar la demanda, con costas, implícitamente declaró la contrademanda sin lugar y corregirse en apelación el defecto, haciéndose el pronunciamiento expreso omitido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. A. Rivera.*

Abogado del apelado: *Sr. C. Brunet.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Juan Martínez entabló demanda en la Corte de Distrito de Ponce contra Jorge Oppenheimer en reclamación de ciertos bienes muebles y daños y perjuicios. Excepcionó y contestó el demandado, formulando además una reconvención. Fué el pleito a juicio. Se practicó la prueba ofrecida por ambas partes y finalmente la corte dictó sentencia en contra

del demandado.   Este interpuso entonces el presente recurso
de apelación señalando en su alegato siete errores cometidos a
su juicio por la corte, 1, al desestimar la excepción previa;
2, al permitir al demandante enmendar su demanda; 3, al
conceder indemnización basada en la enmienda; 4, al decla-
rar que los bienes reclamados estaban retenidos ilegalmente
por el demandado; 5, al no condenar al demandante a pagar
al demandado cierto dinero que éste abonó a otro carpintero;
6, al dictar sentencia en contra del demandado, y 7, al dejar
de resolver la contrademanda.

Examinemos el primer error.   En la demanda se alegaron
dos causas de acción.   Primero se dijo que el demandante
era dueño de determinados bienes muebles que se especifica-
ron, y luego, en cuanto a la primera causa de acción, que di-
chos bienes los retenía injustamente el demandado exponién-
dose además las circunstancias que menciona el artículo 171
del Código de Enjuiciamiento Civil, usándose las mismas pa-
labras que emplea el estatuto, y en cuanto a la segunda causa
de acción se expresó que a virtud de la retención ilegal de
los bienes el demandante se había visto obligado a dejar de
trabajar en su negocio de carpintero y *sacador* de casas su-
friendo los perjuicios que se indican.

Es confusa la argumentación de este error por parte del
apelante.   Parece que sostiene que la demanda no aduce una
buena causa de acción; *a,* porque contiene conclusiones le-
gales; *b,* porque dadas las circunstancias del caso, sólo com-
petía al demandante el remedio a que se refiere el artículo 172
del Código de Enjuiciamiento Civil, y *c,* porque no se alegó
el sitio en que se encontraban los bienes.

Es cierto que si se examinaran algunas de las alegaciones
de la demanda aisladamente, tendría que concluirse que cons-
tituyen meras conclusiones de ley, pero dichas conclusiones
complementan alegaciones de hecho, y esto es permisible.
*Alfaro* v. *Alonso,* 27 D. P. R. 53.

Dice el artículo 172 del Código de Enjuiciamiento Civil

que establecida la acción para reclamar bienes muebles, *podrá* el demandante o su abogado, mediante autorización escrita al dorso de la declaración escrita y jurada, requerir al márshal del distrito en que radiquen los bienes reclamados, para que los ocupe y saque de poder del demandado. Como se ve el demandante *podrá* seguir ese procedimiento y el demandante aquí alega que no lo siguió porque la ley le exigía para ello que prestara una fianza que sus recursos y sus relaciones no le permitían prestar. El hecho de que así procediera, no le priva de ejercitar su acción fundamental de reclamación de los bienes muebles si realmente eran suyos y el demandado los retenía indebidamente, esperando para tomar posesión o recibir el importe de los mismos, la sentencia definitiva de la corte. A dicha acción es perfectamente acumulable la de daños y perjuicios originados por la retención ilegal.

No se alegó como debió alegarse en la demanda el sitio en que los bienes se encontraban. Pero este defecto, que quedó luego subsanado por la misma parte demandada en su contestación, no viciaba de nulidad la demanda. Las cortes de distrito lo son de jurisdicción general. Por razón de la materia la Corte de Distrito de Ponce tenía jurisdicción para conocer de este pleito. Si los bienes estaban situados fuera de su distrito y si el demandado no residía en su territorio, pudo dicho demandado alegarlo así y pedir el traslado del pleito a la corte competente.

En cuanto al segundo error, bastará decir que la enmienda permitida por la corte claramente lo fué para conformar la demanda con el resultado de la evidencia estando por lo tanto autorizada por la ley.

Los errores 3, 4, 5 y 6 pueden estudiarse conjuntamente, pues todos se refieren a la apreciación de las pruebas.

La corte de distrito declaró probados los siguientes hechos:

"1°. Que el demandante Juan Martínez, es dueño, de los siguientes bienes muebles:

| | |
|---|---:|
| "Un coche valorado en | $32.00 |
| "Dos gatos de fuerza | 20.00 |
| "Dos gatos más de fuerza | 40.00 |
| "300 Calzos de madera | 9.00 |
| "Seis ruedas giratorias | 75.00 |
| "Una caja de herramientas de carpentería | 17.35 |
| "Tres flechas | 18.00 |
| "Utensilios de cocina | 3.55 |
| "Total | $214.90 |

2°. Que dichos bienes muebles ya descritos, los retiene ilegalmente el demandado Jorge Oppenheimer desde el día 3 de febrero de 1919, hasta la vista de este caso, 12 de enero de 1922.

"3°. Que el demandante Juan Martínez, ha dejado de ganar con dichos aparatos como carpintero sacador de casas y por el tiempo que lós ha retenido el demandado ilegalmente, una cantidad que la corte estima en $140."

Hemos examinado cuidadosamente la evidencia practicada por ambas partes en el acto de la vista y, después de haber tomado en consideración los argumentos contenidos en los alegatos, estamos satisfechos de las conclusiones del tribunal sentenciador.

No constituye error que lleve consigo la revocación de la sentencia apelada, el que omitiera declarar sin lugar expresamente la reconvención. En la reconvención el demandado alegaba que el demandante había actuado de mala fe en la obra de trasladar de un sitio a otro una casa del demandado ocasionando daños de consideración en la casa, dejando la obra abandonada, y causándole perjuicios por valor de $800. La contrademanda era, pues enteramente opuesta a la demanda y en tal virtud al declarar la corte con lugar la demanda con costas, implícitamente declaró sin lugar la reconvención. Debió haberlo hecho expresamente, pero el error cometido, repetimos, no lleva consigo la revocación de la sentencia. Puede corregirse en apelación.

Por virtud de todo lo expuesto, debe corregirse la sentencia apelada y así corregida, confirmarse.

*Confirmada la sentencia apelada, corrigiéndola.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.